IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                          Case No. 3:91CV7482

                        Plaintiff,
            and

State of Ohio,
                        Plaintiff-Intervener,

            v.                                                     ORDER

Ike Parker, Patricia A. Parker and
            Maumee Haulers and Excavation, Inc.,

                        Defendants.


        This suit by the federal and Ohio Environmental Protection Agencies for injury to wetlands
was resolved in 1995 following a trial and judgment against the defendants by a consent decree.
Pending is a motion by the defendants under Fed. R. Civ. P. 60(b) in which they seek to have the
consent decree vacated. Defendants allege that they are entitled to such relief because the law, and
thus the basis of the decree, has changed.

        For the reasons that follow, the defendants' motion shall be denied.

### Background

        This case began in 1991 as a suit by the federal EPA, in which the State EPA later joined,
to enjoin damage and pollution to wetlands. The allegations were brought under the Clean Water
Act, 22 U.S.C. §§ 1311 and 1344, and Ohio's water pollution statute, O.R.C. § 6111. The
defendants, who operated an excavating business, agreed to a consent decree after a trial in which

plaintiffs were granted relief on all counts. In determining the relief, all parties agreed to the consent decree whereby defendants surrendered the property and agreed to pay a fine of $1000.

The principal basis for the defendants' motion is that a recent Supreme Court decision, *Rapanos v. United States*, 126 S. Ct. 2208 (2006), altered the federal definition of "wetlands," thereby undercutting the federal-law basis for the decree, and invalidating the decree. In addition to seeking to vacate the decree, defendants wish to have the property returned to them.

### Standard of Review

Under Fed. R. Civ. P. 60(b), a court may relieve a party from a judgment order, and in this case a consent decree, for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) *the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application*; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b) (emphasis added).

Parties have one year from the final judgment to bring a motion under Rule 60(b)(1), (2), and (3). *Id.*

The only applicable claim defendants may bring is that of Rule 60(b)(5). A decade after entry of the decree defendants are time-barred from asking for relief under Rule 60(b)(1), (2), or (3). Defendants do not allege the judgment was void under Rule 60(b)(4). Finally, Rule 60(b)(6) only applies "in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th

Cir. 1989). As no extraordinary circumstances were alleged, and Rule 60(b)(5) can sufficiently address the current claim, Rule 60(b)(6) does not apply.

Defendants bear the burden of proof, as they brought the motion to dissolve the consent decree. *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992).

In *Rufo*, the Supreme Court established a test for evaluating motions to alter or dissolve consent decrees: a party seeking modification of a consent decree must show "that a significant change in circumstances warrants revision of the decree." *Id*. A significant change can be factual or legal, and would exist if the "statutory or decisional law has changed to make legal what the decree was designed to prevent." *Id.* at 388. Once this "significant change" is established, the court should consider whether "the proposed modification is suitably tailored to the changed circumstance." *Id.* at 383.

**Discussion**

**I. *Rapanos* Does Not Invalidate State Claims
Under Ohio's Water Pollution Statute**

The defendants allege the decision in *Rapanos* invalidates the consent decree. Defendants assert that *Rapanos* clarified the definition of wetlands as "waters of the United States," so that the lands in dispute under the consent decree are *not* "waters of the United States," and thus are not subject to the federal Clean Water Act ("CWA").

While *Rapanos* may invalidate claims brought under the CWA, it has no impact on the claims under Ohio law, which relate to "waters of the state." O.R.C. § 6111.01(H). The prior judgment against defendants was on all counts, including the CWA claims and the O.R.C. § 6111 claims. Therefore, the change caused by *Rapanos* cannot satisfy the Rule 60(b)(5) standard, as

3

*Rapanos* had no impact on the Ohio state claims of pollution. Thus under *Rufo* the motion to dissolve the consent decree fails.

## II. The Consent Decree no Longer Has
## "Prospective Application"

Other grounds exist, in any event, for denying the defendants' motion.

Under Fed. R. Civ. P. 60(b)(5), a consent decree may be dismissed or altered if it "is no longer equitable that the judgment should have prospective application." The consent decree included a $1000 civil penalty paid to the United States and conveyance of defendants' property to the State of Ohio. Neither of these is an ongoing, or prospective, action or result of the consent decree.

In the Sixth Circuit "[o]ngoing injunctions should be dissolved when they no longer meet the requirements of equity." *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). In the present situation, however, there is no ongoing injunction: the injunction required the defendants to deliver the property, and they did so.[1] Therefore, the injunction was fulfilled, and there is no "prospective application" as required by Rule 60(b)(5).

## III. Dissolving the Consent Decree Would
## be a Disservice to the Judiciary

Finally, dissolving this consent decree would be a disservice to the judicial system. "Long standing precedent evinces a strong public policy against judicial rewriting of consent decrees." *Reynolds v. Roberts*, 202 F.3d 1303, 1312 (11th Cir. 2000). The parties litigated these claims more

---

[1] Defendants were further enjoined and ordered to comply with the Clean Water Act and with O.R.C. § 6111, however defendants do not seek relief from this section of the consent decree.

4

than ten years ago. After judgment in favor of plaintiffs on all counts, the parties mutually agreed to the consent decree.

As the Seventh Circuit stated in a similar case:

> If a party believes that the waters at issue on his own property are not subject to the EPA's authority . . . he should not stipulate otherwise. But that is exactly what [party] did, to his continued dismay. He expressly agreed that certain waters on his property constituted "waters of the United States," subject to regulation by the EPA. Like most parties that enter into a settlement or plea agreement, he presumably made a tactical decision that the terms of the Consent Decree were more favorable than the costs or risks of continued litigation.

*United States v. Krilich*, 303 F.3d 784, 792 (7th Cir. 2002).

The Supreme Court made clear in *Rufo* that, "[t]o hold that a clarification in the law automatically opens the door for relitigation of the merits of every affected consent decree would undermine the finality of such agreements and could serve as a disincentive to negotiation of settlements in . . . litigation." *Rufo*, *supra,* at 389. Re-opening the consent decree, even if permitted vis-a-vis the state claim, would be a disservice to the judicial system.

## Conclusion

In conclusion, the motion to dissolve the consent decree fails for multiple reasons. First and foremost, the recent decision in *Rapanos* has no impact, let alone creates a "substantial change," for the state law water pollution claims that formed part of the basis for the consent decree. Secondly, as the injunction has already been fully performed, there is no "prospective application" to be relieved through Rule 60(b)(5). Finally, I believe it would be poor policy to dissolve this consent decree that has been fully performed, and was jointly agreed upon by all parties over twelve years ago. Therefore, I deny the motion to dissolve the consent decree.

For the foregoing reasons, it is

5

ORDERED THAT defendants' Motion to Dissolve the Consent Decree be, and the same

hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge